# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,

     Plaintiff,

v.                                          No. 1:21-cv-00185-KWR-JHR

FEDERAL BUREAU OF PRISONS,
FNU LNU LIEUTENANT,

     Defendants.

## ORDER DIRECTING SUPPLEMENT

**THIS MATTER** is before the Court on Plaintiff Jeremy Pinson's *pro se* Prisoner Civil Rights Complaint (Doc. 1) (the "Complaint"). Plaintiff is a federal prisoner in the custody of the Federal Bureau of Prisons (the "BOP"). In the Complaint he seeks to sue the BOP and an unknown lieutenant (the "Lieutenant") for an alleged violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that when BOP transported him by bus from USP Victorville (in California) to FOI La Tuna (in Texas), he was subjected to inhumane treatment. (Doc. 1 at 12). Among other things, Plaintiff alleges that he was continuously held in restraints that compressed his wrists to the point of nerve damage. (Id. at 5, 12). He alleges that during a stop in New Mexico, he asked the Lieutenant to loosen the restraints and to take him to a hospital to treat his injured hands, but the Lieutenant refused. (Id. at 12).

Claims against federal agents for the alleged deprivation of constitutional rights are analyzed under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a cause of action arising under the Constitution itself, allowing a damages remedy to compensate persons injured by federal officers who violated the Fourth

Amendment's prohibition against unreasonable searches and seizures. *Id.* at 397. "The Supreme Court has held that a *Bivens* remedy may be available against federal prison officials for violations of the Eighth Amendment." *Smith v. United States*, 561 F.3d 1090, 1099–100 (10th Cir. 2009), citing *Carlson v. Green*, 446 U.S. 14, 18 (1980).

A prisoner may bring a *Bivens* claim against "the offending individual officer," however, he "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). As such, the BOP is not a proper Defendant in this action. Plaintiff's claims against the BOP must be dismissed accordingly.

While the Lieutenant may be subject to liability under *Bivens*, the Complaint does not provide an adequate description of him to allow the action to proceed. The Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff has not included *any* description of the Lieutenant from which the Court could identify him for the service of process.

If Plaintiff wishes to pursue a *Bivens* claim against the Lieutenant, he must file a supplement that includes an adequate description of that individual within thirty (30) days of entry of this Order. The supplement must also provide an address where service may be made or additional orders regarding the identity of the Lieutenant may be sent if that address is different from the Victorville address listed on the Complaint. The Court will not *sua sponte* investigate the whereabouts and identity of any defendants on Plaintiff's behalf. *See Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this

2

endeavor—even when the plaintiffs are in prison."). Failure to timely file a supplement may result in dismissal of this action without further notice.

**IT IS ORDERED** that within thirty days of the entry of this Order, Plaintiff shall file a supplement as set forth herein.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**