IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,[1]

      Plaintiff,

v.                                                                                                                                      No. 1:21-cv-0185 KWR/DLM

FEDERAL BUREAU OF PRISONS,
FNU LNU LIEUTENANT, in his individual capacity,
FELIPE MARTINEZ, JR., Warden, FCC Victorville,
in his individual and official capacities,
GENE BEASELY, Regional Director, Federal Bureau of Prisons,
in his individual and official capacities,
FNU GUTIERREZ, FNU HAGGE,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
RECOMMENDING DENIAL OF MOTION FOR TRO
AND APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on the Motion for TRO and Appointment of Counsel by Plaintiff Jeremy Pinson. (Doc. 22.) The Court recommends denying the motion.

**I.   Background**

Plaintiff Jeremy Pinson is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP) who asserts claims against the BOP and several BOP employees for alleged violations of her First and Eighth Amendment Rights. (*See* Doc. 14-1.) Pinson contends that BOP employees have unlawfully retaliated against her due to a conditions-of-confinement lawsuit she filed against the BOP in 2020. (*See id.* at 12.) This retaliation, which she refers to as "diesel therapy," involves needless transfers between facilities meant to silence and intimidate litigious prisoners. (*See id.*; *see also* Doc. 22 at 1, 3–4.)

---

[1] Jeremy Pinson, also known as Grace, refers to herself using she/her pronouns. (*See, e.g.*, Doc. 14-1 at 2, 12.) The Court will do the same.

1

The Court screened Pinson's complaint and ordered service on Defendants. (*See* Docs. 11; 20.)[2] No Defendant has entered an appearance. Pinson now seeks a temporary restraining order (TRO) to preclude the BOP from subjecting her to further diesel therapy. (*See* Doc. 22 at 2.) She also asks the Court to appoint counsel to help her pursue this lawsuit. (*Id.* at 8–9.)

**II.     The Court recommends denying the motion for a TRO.**

Pinson seeks a TRO to prohibit the BOP from subjecting her to "diesel therapy" during the pendency of this lawsuit, "except under those conditions authorized by the Court consistent with her medical and safety needs during all transports." (*Id.* at 9.) The Court recommends denying the request for a TRO because Pinson has neither complied with the requirements of Federal Rule of Civil Procedure 65(b)(1) nor demonstrated an immediate, irreparable injury.

**A.     Pinson has not complied with the requirements of Rule 65(b)(1).**

Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Defendants have not yet appeared in this matter. (*See* CM/ECF Docket.) As a result, the Court has not served notice of Pinson's motion on Defendants. (*See* Notice of Electronic Filing of Doc. 22.) Pinson fails to provide evidence to show that she served her motion

---

[2] The Court first screened Pinson's initial complaint and ordered service on the defendants named therein. (Doc. 11.) Thereafter, the Court granted Pinson's Motion for Leave to File Amended/Supplemental Complaint and ordered service on the defendants named in the Amended Complaint. (Doc. 20.)

on Defendants. (*See* Doc. 22.)

Without notice to Defendants, "Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint." *Nevarez-Barela v. United States*, No. CV 19-0633 KG/KBM, 2020 WL 1503637, at *2 (D.N.M. Mar. 27, 2020) (citing Fed. R. Civ. P. 65(b)(1)(A)). Pinson's "request for a TRO is not sworn or supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A)." *See id.*; *see also* 28 U.S.C. § 1746. (*See also* Docs. 14-1; 22.) Although Pinson is proceeding without the benefit of counsel, even pro se litigants "must follow the same rules of procedure that govern other litigants." *See Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (quotation omitted). Consequently, Pinson's motion fails. *See Nevarez-Barela*, 2020 WL 1503637, at *2.

**B.      Pinson fails to make a showing of an immediate, irreparable injury.**

Even if Pinson had submitted an affidavit or verified complaint, she has not alleged facts to demonstrate that a TRO is warranted in this matter.[3] Injunctive relief "is an extraordinary remedy"; thus, the movant's "right to relief must be clear and unequivocal." *Id.* (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004)). "The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b)." *Id.* The elements include:

> (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public

---

[3] The Prison Litigation Reform Act (PLRA) also requires that where prisoner litigants seek a preliminary injunction against prison officials, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary . . . ." 18 U.S.C. § 3626(a)(2).

interest.

*Id.* (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)). "The likelihood-of-success and irreparable-harm factors are 'the most critical' in the analysis." *Legacy Church, Inc. v. Kunkel*, 455 F. Supp. 3d 1100, 1132 (D.N.M. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "It is insufficient, moreover, that a moving party demonstrate that there is only a 'possibility' of either success on the merits or irreparable harm." *Id.* (quoting *Diné Citizens*, 839 F.3d at 1282).

Here, Pinson alleges that the BOP has "a culture and practice" of using "'diesel therapy' to punish inmates or staff who sue the BOP . . . ." (Doc. 22 at 3–4.) Pinson states that "defendant Gutierrez submitted on April 15, 2023[,] a request to subject her to more diesel therapy . . . ." (*Id.* at 2.) She attaches what appears to be an email from herself to the Transgender Executive Council dated April 7, 2023. (Doc. 22-A.) She states in the email that since September 2022, "Warden Gutierrez has been persisting in trying to transfer me." (*Id.*) Pinson's own statement and email are insufficient to show more than a possibility of an immediate risk of harm or an irreparable injury. *See Legacy Church, Inc.*, 455 F. Supp. 3d at 1132. Pinson fails to establish a "clear and unequivocal" right to relief, and the Court recommends denying the requested TRO. *See Diné Citizens*, 839 F.3d at 1282.

### III. The Court recommends denying the request to appoint counsel

"Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel." *Sandoval v. New Mexico*, 576 F. App'x 784, 789 (10th Cir. 2014) (citing *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003)). "Instead, the court's discretion to appoint counsel stems from 28 U.S.C. § 1915." *Id.* Courts consider several factors in deciding a motion to appoint counsel, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the

complexity of the legal issues raised by the claims." *Blake v. Geo Grp., Inc.*, No. CV 17-807 MIS/KK, 2022 WL 4099238, at *1 (D.N.M. Mar. 18, 2022) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

Here, the Court screened Pinson's initial complaint and found that she presents colorable claims. (*See* Doc. 11.) "A 'colorable claim,' however, is not itself sufficient to warrant" granting a request for counsel. *See Blake*, 2022 WL 4099238, at *1 (quoting *Rucks*, 57 F.3d at 979) (explaining that "if the plaintiff has a colorable claim[,] then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts").

As Pinson acknowledges in her motion, she "is litigious" (Doc. 22 at 6) and well-versed in pursuing claims as a pro se prisoner litigant. *See, e.g.*, *Pinson v. Fed. Bureau of Prisons*, 843 F. App'x 423 (9th Cir. 2021); *Pinson v. Oliver*, 601 F. App'x 679 (10th Cir. 2015); *Pinson v. Berkebile*, 576 F. App'x 710 (10th Cir. 2014); *Pinson v. Casden*, No. 13-cv-1384 BNB, 2013 WL 3216144 (D. Colo. June 25, 2013); *Pinson v. Pacheco*, 424 F. App'x 749 (10th Cir. 2011). In these and other cases, Pinson has primarily litigated her lawsuits without an attorney. Moreover, she "demonstrate[s] an understanding of the issues in [this] case and appears to be capably representing [herself]." *See Blake*, 2022 WL 4099238, at *1 (citing *Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995)). The issues she raises in the current lawsuit "are not so complex or momentous that it would be fundamentally unfair to require [her] to proceed without counsel." *See id.*

Pinson asserts that counsel should be appointed: (1) because the case involves disputed facts; (2) because she is unable to correspond with other prisoners who may serve as witnesses; (3) because the case involves "sensitive evidence relating to the BOP's internal security and procedures"; and (4) because she has limited access to legal materials. (*See* Doc. 22 at 8–9.) For

5

the most part, Pinson "describes circumstances common to pro se prisoner plaintiffs, circumstances which do not, without more, justify a judicial request for the voluntary assistance of counsel." *See Blake*, 2022 WL 4099238, at *1. The Court has ordered service on Defendants and may order a *Martinez* report in the future. Should that report be insufficient, the Court may decide that there is a need for further discovery related to other prisoners and will consider discovery motions as they arise. At this juncture, Pinson has not met her burden to show circumstances so exceptional that the Court need request assistance of counsel. *See Sweat v. Rickards*, 712 F. App'x 769, 778 (10th Cir. 2017). The Court recommends denying Pinson's motion on this issue.

### IV. Conclusion

Because Pinson fails to show a right to injunctive relief or to the appointment of counsel, the Court recommends denying her motion.

**IT IS HEREBY RECOMMENDED** that Pinson's Motion for TRO and Appointment of Counsel (Doc. 22) be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE