IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,[1]

    Plaintiff,

v.                                            No. 1:21-cv-0185 KWR/DLM

FEDERAL BUREAU OF PRISONS,
FNU LNU LIEUTENANT, in his individual capacity,
FELIPE MARTINEZ, JR., Warden, FCC Victorville,
in his individual and official capacities,
GENE BEASELY, Regional Director, Federal Bureau of Prisons,
in his individual and official capacities,
FNU GUTIERREZ, FNU HAGGE,

    Defendants.

## ORDER DENYING PLAINTIFF'S RENEWED
## MOTION FOR ASSISTANCE WITH SERVICE
## AND EXTENDING TIME FOR PLAINTIFF TO EFFECT SERVICE

**THIS MATTER** comes before the Court on Plaintiff's Renewed Motion for Assistance with Service (Doc. 26), filed June 21, 2023. Plaintiff is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP) who has asserted claims against BOP and individual defendants for alleged violations of her First and Eighth Amendment rights. In the present motion, Plaintiff asks the Court for assistance with service and, specifically, to "issue an order consistent with its prior reasoning in Doc. 20 requiring defendant BOP to provide to this Court defendant Hagge's last known address or current address." (Doc. 26 at 1.)

In the order to which Plaintiff refers, entered on May 16, 2023, the Court granted Plaintiff leave to amend her complaint, directed the Clerk's Office to issue notice and waiver of service forms to Defendants with respect to Plaintiff's Amended Complaint, and ordered BOP to submit,

---

[1] Jeremy Pinson notes that she is also known as Grace. (Doc. 14-1 at 2.) Pinson refers to herself using she/her pronouns (*see, e.g.*, *id.* at 12), and the Court will do the same.

to the extent it could discern such information, FNU LNU Lieutenant's name and last known address under seal. (Doc. 20.) The Court explained that if BOP submitted FNU LNU Lieutenant's name and address under seal, it would direct service on Plaintiff's behalf, given the security issues raised. (*Id*. at 3.) A Staff Note on the docket indicates that, on that same day, the Clerk's Office mailed a copy of the Court's Order, a copy of the Amended Complaint, and Notice and Waiver of Service forms to Defendants at the addresses listed on pages 2, 3, and 15 of Plaintiff's Amended Complaint. As Plaintiff observes, however, the Notice and Waiver of Service form was returned as undeliverable with respect to Defendant M. Hagge. (Doc. 26 (citing Doc. 23).) Plaintiff now moves the Court to order BOP to provide, under seal, Defendant M. Hagge's current or last known address. (*Id*.) The problem for Plaintiff is that two rounds of Orders Directing Issuance of Notice and Waiver of Service Forms, sent to BOP at the address provided by Plaintiff (*see* Docs. 11, 20), have not produced a waiver of service or an entry of appearance on BOP's behalf. Nor is there any indication that service has been effected on BOP. To the extent Plaintiff asks to the Court to order BOP to provide M. Hagge's address under seal, the Court will deny the motion without prejudice to Plaintiff requesting such relief after BOP has been properly served.

Notably, Plaintiff, while a *pro se* prisoner, does not qualify for *in forma pauperis* (IFP) status in this case. (*See* Doc. 3 at 1 (explaining that "Plaintiff Pinson is a frequent litigator in the federal courts and is ineligible to proceed *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g)") (citing Doc. 1 at 8; *Pinson v. U.S. Dep't of Justice*, 964 F.3d 65 (D.C. Cir. 2020); *Pinson v. Oliver*, 601 F. App'x 679, 684 n.5 (10th Cir. 2015)).) As a result, the Court is not responsible for effecting service on Defendants in this case. *Compare* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."), *with* Fed. R. Civ. P. 4(c)(3) ("The court must . . . order [service by an officer of the

court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). Given Pinson's incarceration and the minimal burden on the Clerk's Office, both the presiding judge and the undersigned directed the Clerk's Office to issue waiver of service forms to the defendants named in Plaintiff's initial and amended complaints, including BOP. (*See* Docs. 11; 20.) The Court has no obligation, however, to take further steps to assist Plaintiff with service of her Amended Complaint on BOP or any other named defendants. Thus, to the extent Plaintiff seeks general "assistance with service," the Court denies her motion.

Federal Rule of Civil Procedure 4(i)(2) is clear about how a plaintiff can accomplish service upon a federal agency or employee sued in an official capacity. That is, the plaintiff must, in addition to serving the agency and/or employee, also serve the United States by delivering a copy of the summons and complaint by registered or certified mail: (A) to the United States attorney for the district in which the action is brought, to their designated representative, or to the civil-process clerk at the United States attorney's office; *and* (B) to the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)–(2); *see also Canini v. U.S. Dep't of Justice Fed. Bureau of Prisons*, No. 04 CIV 9049 (CSH), 2008 WL 818696, at *3 (S.D.N.Y. Mar. 26, 2008) (discussing service on BOP).

Further, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Far more than 90 days have passed since the filing of Plaintiff's initial complaint in this case. (*See* Doc. 1 (filed March 1, 2021).) That Plaintiff later filed an Amended Complaint on May 17, 2023 (Doc. 21), did not restart the 90-day period for service under Rule 4(m) with respect to BOP and FNU LNU Lieutenant,

3

who were named in Plaintiff's original complaint. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (concluding that the period for service "provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely."). As to the defendants added in Plaintiff's Amended Complaint, the 90-day period for service is set to expire on August 15, 2023.

Given Plaintiff's *pro se* status and the Clerk's Office participation in issuing waiver of service forms, the Court will extend the time for effecting service for all Defendants until **September 29, 2023**. Any failure by Plaintiff to serve Defendants by this date, absent a showing of good cause, may result in dismissal of this case without prejudice and without further notice. In order for Plaintiff to effect service, the Clerk's Office is instructed to mail blank summonses to Plaintiff at her address of record for her completion. Plaintiff must mail completed summonses to the Clerk's Office for issuance within **30 days** of their receipt. The Clerk's Office will then return the issued summonses by mail to the Plaintiff so that she can serve Defendants pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Assistance with Service (Doc. 26) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the time for service of process is hereby extended until **September 29, 2023,** as to all defendants.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail blank summonses to Plaintiff at her address of record for her completion and that Plaintiff must, **within 30 days of their receipt**, mail completed summonses to the Clerk's Office for issuance.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE