## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,

     Plaintiff,

v.                                                                    Civ. No. 21-0185 KWR/DLM

FEDERAL BUREAU OF PRISONS, *et al.*,

     Defendants.

### ORDER TO SHOW CAUSE

THIS MATTER is before the Court on review of the record. Plaintiff Jeremy Pinson[1] brings claims under the First and Eighth Amendments against the Federal Bureau of Prisons (BOP) and five individual BOP employees. (Doc. 21.) The Court imposed a deadline of September 29, 2023, to serve the defendants. (Doc. 29.) As explained below, Pinson has failed to timely serve the defendants. The Court therefore orders Pinson to show cause why the Court should not dismiss her claims.

### I.    Legal Standards

Rule 4 provides specific directions for effecting service of process on the United States and its agencies, corporations, officers or employees. Under that rule, a plaintiff suing a United States agency or agency employees must serve the United States. *See* Fed. R. Civ. P. 4(i)(2), (3). To serve the United States by mail, a plaintiff must "send a copy of [the summons and the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office [and] . . . send a copy of each by registered or certified mail to the Attorney General of the United

---

[1] Jeremy Pinson notes that she is also known as Grace. (Doc. 21 at 2.) Pinson refers to herself using she/her pronouns (*see, e.g.*, *id.* at 12), and the Court will do the same.

States at Washington, D.C." Fed. R. Civ. P. 4(i)(1); *Davis v. U.S. Gov't*, 756 F. App'x 786, 789 (10th Cir. 2018)[2] (discussing requirements for service of the United States).

In addition, to serve agency officers or employees in their official capacities, a party must "also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). To serve agency officers or employees in their individual capacities, "a party must . . . also serve the officer or employee under Rule 4(e), (f), or (g)."

Finally, Federal Rule of Civil Procedure 4(m) states, in relevant part, that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

## II.   Analysis

In her Complaint filed on March 1, 2021, Pinson, a federal prisoner in the custody of BOP, asserted claims against the BOP and an unknown lieutenant (FNU LNU Lieutenant) for an alleged violation of her Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1.) Pinson indicated that her claim was against FNU LNU Lieutenant in his individual capacity. (*Id*. at 2.) After the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the Court ordered the Clerk's Office to send notice and waiver forms to the two defendants, noting that Pinson had described FNU LNU Lieutenant as "a Caucasian male with facial hair who placed

---

2 Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

2

Pinson on the bus at USP Victorville on or about December 14, 2020, for transportation to La Tuna that ended on December 16, 2020." (Doc. 11 at 2; *see also* Doc. 10 at 3.)

On May 16, 2023, the Court granted Pinson leave to amend her complaint. (Doc. 20.) As in the initial Complaint, Pinson seeks injunctive relief regarding the way BOP transports her between facilities. (Doc. 21 at 5.) Pinson also added four defendants: (1) Felipe Martinez, Jr., Warden of Federal Bureau of Prisons; (2) Gene Beasely, Regional Director, Federal Bureau of Prisons; (3) M. Gutierrez, Federal Bureau of Prisons; and (4) M. Hagge, Lieutenant, Federal Bureau of Prisons, USP Victorville. (Doc. 21 at 3, 15.) Pinson alleges that the four named defendants violated her First and Eighth Amendment rights. (*Id*. at 3, 5, 12–15.) Pinson indicated that her claims are against FNU LNU Lieutenant in his individual capacity and against Martinez and Beasley in their individual and official capacities. (*Id.* at 2, 3.) She did not indicate whether Gutierrez and Hagge are sued in their individual or official capacities. (*Id*. at 15.)

In its order granting leave to amend, the Court directed the Clerk's Office to issue notice and waiver of service forms to all the defendants named in the Amended Complaint and ordered the BOP to file a notice, to the extent it could discern such information, of FNU LNU Lieutenant's name and last known address under seal. (Doc. 20.) The Court explained that if BOP submitted FNU LNU Lieutenant's name and address under seal, it would direct service on Pinson's behalf, given the security issues raised by disclosing FNU LNU Lieutenant's address to Pinson. (*Id.* at 3.) None of the defendants filed a waiver of service.

Pinson then filed a motion asking the Court to require "BOP to provide to this Court defendant Hagge's last known address or current address." (Doc. 26 at 1.) On July 24, 2023, the Court denied the motion, noting that "two rounds of Orders Directing Issuance of Notice and Waiver of Service Forms, sent to BOP at the address provided by Pinson (*see* Docs. 11, 20), have

not produced a waiver of service or an entry of appearance on BOP's behalf." (Doc. 29 at 2.) Because BOP had not been served, the Court denied "the motion without prejudice to Pinson requesting such relief after BOP has been properly served." (*Id*.) However, the Court extended the time for effecting service for all defendants to September 29, 2023, and ordered the Clerk to provide Pinson with eight blank summons forms. (*Id*. at 4.) It noted that "[a]ny failure by Pinson to serve Defendants by this date, absent a showing of good cause, may result in dismissal of this case without prejudice and without further notice." (*Id*.) *See also* Fed. R. Civ. P. 4(m).

Pinson completed summons forms for BOP, the United States Attorney General, the United States Attorney for the District of New Mexico, and defendants Martinez, Beasley, Gutierrez, and Hagge, and the Clerk issued summonses at the addresses provided by Pinson. (Doc. 30.) Pinson timely filed proof of service on BOP, the United States Attorney General, and the United States Attorney for the District of New Mexico. (Docs. 31–33.) However, Pinson mistakenly addressed the summons for the United States Attorney for the District of New Mexico to the address of the United States District Court courthouse, rather than to the civil-process clerk at the United States Attorney's office. (Docs. 30 at 12; 33.) *See also* Fed. R. Civ. P. 4(i)(1)(A). Because she has not properly served the United States, Pinson has not met the requirements for service of the defendants under Federal Rule of Civil Procedure 4(i). *See* Fed. R. Civ. P 4(i)(2), (3) (requiring service on the United States as well as defendant agencies and individuals in their individual and official capacities).

Moreover, Pinson has not filed proof of service of the individual defendants and appears to have failed to timely serve them. *See* Fed. R. Civ. P. 4(i)(2), (3) (setting forth requirements for service of agency employees in their official and individual capacities); Fed. R. Civ. P 4(*l*)(1).

III.    **Conclusion**

IT IS THEREFORE ORDERED that, no later than **Thursday, December 7, 2023**, Pinson must show cause why her claims against BOP and the individual defendants should not be dismissed without prejudice for failure to timely accomplish service. Any failure by Pinson to timely comply with this Order may result in dismissal of her claims without prejudice and without further notice. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE