IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,

    Plaintiff,

v.                                                                                                      Civ. No. 21-0185 KWR/DLM

FEDERAL BUREAU OF PRISONS, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Plaintiff Jeremy Pinson[1] brings claims under the First and Eighth Amendments against the Federal Bureau of Prisons (BOP) and five individual BOP employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 21.) She also seeks an injunction regarding the way BOP transports her between facilities. (*Id*. at 5.) In an Order to Show Cause entered on November 7, 2023, the Court ordered Pinson to show cause why the Court should not dismiss her claims for failure to timely serve Defendants under Federal Rule of Civil Procedure 4(i). (Doc. 34.) Now before the Court is Pinson's response to the Court's Order to Show Cause, which the Court construes as a motion for extension of time to serve Defendants. (Doc. 35.)

**I.    Procedural History**

In her Complaint filed on March 1, 2021, Pinson, a federal prisoner in the custody of BOP, asserted claims against the BOP and an unknown lieutenant (FNU LNU Lieutenant) for an alleged violation of her Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of*

---

[1] Jeremy Pinson notes that she is also known as Grace. (Doc. 21 at 2.) Pinson refers to herself using she/her pronouns (*see, e.g.*, *id*. at 12), and the Court will do the same.

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1.) Pinson indicated that her claim was against FNU LNU Lieutenant in his individual capacity, and that she seeks both monetary damages against FNU Lieutenant and an order enjoining BOP from "continuing to transport Plaintiff in the manner she was transported on 12-14 to 12-16, 2020." (*Id*. at 3, 5.) After the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the Court found that "Pinson is a frequent litigator in the federal courts and is ineligible to proceed *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g)." (Doc. 3 at 1.) The Court subsequently ordered the Clerk's Office to send notice and waiver forms to the two defendants, noting that Pinson had described FNU LNU Lieutenant as "a Caucasian male with facial hair who placed Pinson on the bus at USP Victorville on or about December 14, 2020, for transportation to La Tuna that ended on December 16, 2020." (Doc. 11 at 2; *see also* Doc. 10 at 3.)

On May 16, 2023, the Court granted Pinson leave to amend her complaint. (Doc. 20.) As in the initial Complaint, Pinson seeks injunctive relief regarding the way BOP transports her between facilities. (Doc. 21 at 5 (citing 28 U.S.C. §§ 1331, 1332, 2201–22.) Pinson also added four defendants: (1) Felipe Martinez, Jr., Warden of Federal Bureau of Prisons; (2) Gene Beasely, Regional Director, Federal Bureau of Prisons; (3) M. Gutierrez, Federal Bureau of Prisons; and (4) M. Hagge, Lieutenant, Federal Bureau of Prisons, USP Victorville. (Doc. 21 at 3, 15.) Pinson alleges that the four named defendants violated her First and Eighth Amendment rights. (*Id*. at 3, 5, 12–15.) Pinson indicated that her claims are against FNU LNU Lieutenant in his individual capacity and against Martinez and Beasley in their individual and official capacities. (*Id.* at 2, 3.) She did not indicate whether Gutierrez and Hagge are sued in their individual or official capacities. (*Id*. at 15.)

In its order granting leave to amend, the Court directed the Clerk's Office to issue notice and waiver of service forms to all the defendants named in the Amended Complaint and ordered the BOP to file a notice under seal of FNU LNU Lieutenant's name and last known address if it could discern such information. (Doc. 20.) The Court explained that if BOP submitted FNU LNU Lieutenant's name and address under seal, it would direct service on Pinson's behalf, given the security issues raised by disclosing FNU LNU Lieutenant's address to Pinson. (*Id*. at 3.) None of the defendants filed a waiver of service. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("The government cannot waive service of process."). Nor did BOP provide FNU LNU Lieutenant's name and address under seal.

Pinson then filed a motion asking the Court to require "BOP to provide to this Court defendant Hagge's last known address or current address." (Doc. 26 at 1.) On July 24, 2023, the Court denied the motion, noting that BOP had not been properly served. (Doc. 29 at 2.) The Court further noted that "Plaintiff, while a *pro se* prisoner, does not qualify for *in forma pauperis* (IFP) status in this case." (*Id*.). Because BOP had not been served, the Court denied "the motion without prejudice to Pinson requesting such relief after BOP has been properly served." (*Id*.) However, the Court extended the time for effecting service for all defendants to September 29, 2023, and ordered the Clerk to provide Pinson with eight blank summons forms. (*Id*. at 4.) It noted that "[a]ny failure by Pinson to serve Defendants by this date, absent a showing of good cause, may result in dismissal of this case without prejudice and without further notice." (*Id*.) *See also* Fed. R. Civ. P. 4(m).

Pinson completed summons forms for BOP, the United States Attorney General, the United States Attorney for the District of New Mexico ("United States Attorney"), and defendants Martinez, Beasley, Gutierrez, and Hagge, and the Clerk issued summonses at the addresses provided by Pinson. (Doc. 30.) Pinson timely filed proof of service on BOP, the United States

3

Attorney General, and the United States Attorney. (Docs. 31–33.) Pinson signed the proofs of service as the "Server," indicating that Pinson herself mailed the summonses to the BOP, United States Attorney General, and the United States Attorney by certified mail. (*Id*.) In addition, Pinson addressed the summons for the United States Attorney to the address of the United States District Court courthouse, rather than to the civil-process clerk at the United States Attorney's office. (Docs. 30 at 12; 33.) *See also* Fed. R. Civ. P. 4(i)(1)(A).

In the Order to Show Cause, the Court found that Pinson has not met the requirements for service of the defendants under Federal Rule of Civil Procedure 4(i) because she has not properly served the United States Attorney. (Doc. 34 at 2–4 (discussing Fed. R. Civ. P 4(i)(2), (3) (requiring service on the United States as well as defendant agencies and individuals in their individual and official capacities)).) In addition, the Court noted that Pinson did not file proof of service of the individual defendants and appears to have failed to timely serve them. (*Id.* at 4–5 (citing Fed. R. Civ. P. 4(i)(2), (3) (setting forth requirements for service of agency employees in their official and individual capacities); Fed. R. Civ. P 4(*l*)(1)).) The Court ordered Pinson to show cause why this matter should not be dismissed for failure to timely serve the defendants. (*See id.*)

Pinson now concedes that she used the incorrect address for the United States Attorney's office but asserts that (1) BOP employees provided her with that address and (2) the Electronic Law Library in her secure housing unit did not supply the correct address. (Doc. 35 at 2, 6.) She asks the Court to "supply the address for this 'civil process clerk' and [allow her] 30 days to re-serve the United States Attorney as good cause exists to do so." (*Id*. at 4.)

4

In addition, Pinson states that she "decided not to serve the individual defendants when she could not secure postage stamps due to the decision of Warden Gutierrez [sic][2]—the defendant—to disallow sale of postage stamps following several violent incidents at USP Tucson." (*Id*. at 3.) In addition, Pinson states that she "did not have the means to buy stamps for Certified Mail" to all the defendants and, therefore, she did not serve defendants Hagge, Beasley, Martinez, Gutierrez or FNU Lieutenant. (*Id*. at 7.) She does not request any relief related to service of the individual defendants. (*Id*. at 4–5.)

## II.  Legal Standards

### A.  Claims for Violations of Constitutional Rights Under *Bivens*

"The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). A prisoner may bring a *Bivens* claim for monetary damages "against the offending individual officer," however, he "may not bring [such] a *Bivens* claim against the officer's employer, the United States, or the BOP." *Id.* at 72; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Moreover, "a *Bivens* claim can be brought only against federal officials in their individual capacities." *Smith*, 561 F.3d at 1099. The Court previously advised Pinson that she cannot bring a *Bivens* claim for monetary damages against the BOP. (Doc. 8 at 2.)

### B.  Claims for Injunctive Relief under 28 U.S.C. § 1331

"[F]ederal district courts . . . have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361 and may obtain relief in the nature of either injunction or mandamus."

---

[2] In the Amended Complaint, Pinson identified Defendant Martinez as the Bureau of Prisons Warden but did not list Defendant Gutierrez's title. (Doc. 21 at 3, 15.)

*Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005). "A request for injunctive relief normally proceeds against a high-ranking official—such as the warden—in his or her *official* capacity." *Kourani v. Sproul*, No. 21-CV-01721-JPG, 2022 WL 1185126, at *5 (S.D. Ill. Apr. 21, 2022); *see also Pinson v. Berkebile*, 553 F. App'x 852, 854 n.4 (10th Cir. 2014)[3] ("Prisoners may also seek injunctive relief against federal officials in their official capacity.") (citing *Simmat*, 413 F.3d at 1231–34, 1236).

**C.  Rules for Service of Process on the United States and its Agencies and Employees**

Rule 4 provides specific directions for both how and when to effect service of process. A plaintiff suing a United States agency employee in either their individual or official capacity must serve both the employee and the United States. *See* Fed. R. Civ. P. 4(i)(2), (3). To serve the United States by mail, a plaintiff must, through a nonparty, "send a copy of [the summons and the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office[ and] . . . send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1); *see also Davis v. U.S. Gov't*, 756 F. App'x 786, 789 (10th Cir. 2018) (discussing requirements for service of the United States).

In addition, to serve agency officers or employees in their official capacities, a plaintiff must "also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). To serve agency officers or employees in their individual capacities, a plaintiff must "also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

---

[3] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Only a non-party can complete service of process. Fed. R. Civ. P. 4(c)(2). "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien*, 628 F.3d at 1213; *Shepard v. United States Dep't of Veterans Affs.*, 819 F. App'x 622, 623 (10th Cir. 2020) (stating that under Rule 4(c)(2), the plaintiff "could not mail the [summons and complaint] herself because she is a party"); *Shophar v. United States*, No. 19-04052-HLT-KGG, 2019 WL 3573575, at *1 (D. Kan. Aug. 6, 2019) (same); *Greene v. United States*, No. 6:19-CV-00024-GFVT, 2021 WL 1214499, at *18 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022) (same).

To meet this requirement, a plaintiff may move the Court for an order that service be completed by the United States Marshals. Fed. R. Civ. P. 4(c)(3); *see Holmes v. United States*, No. CIV-06-796R, 2008 WL 111320, at *3 (W.D. Okla. Jan. 8, 2008). The Marshals Service charges a fee for service of documents. *See* 28 C.F.R. § 0.114 (setting forth the fee schedule). Whether to grant such a motion by a plaintiff not proceeding under 28 U.S.C. § 1915, like Pinson, is within the Court's discretion. Fed. R. Civ. P. 4(c)(2) ("At the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal . . . .") Generally, a "plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service" and "court orders directing service by marshal should not be issued unless they really are necessary." Advisory Committee Note, 93 F.R.D. 255, 93 F.R.D. 255, 262. However, cases brought by inmates against individual prison employees may implicate the employees' security interests: "Prison guards do not want prisoners to have their home addresses, and the Bureau of Prisons is reluctant to tell prisoners even the current place of employment of their former guards. This is a sensible precaution[.]" *Sellers v. United States*, 902 F.2d 598, 602

7

(7th Cir. 1990). "Having the Marshal serve the papers enables the case to proceed while holding in confidence information in which the guards have a strong interest." *Id.* at 602.

Failure to meet service requirements is not always fatal. Rather, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)).

**D.  Deadline for Service of Process**

Federal Rule of Civil Procedure 4(m) governs the timing of service of process. It provides,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, an extension of time for service is mandatory if the plaintiff shows good cause, but a court may extend the time for service of process even if the plaintiff does not show good cause. *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995) ("The plain language of Rule 4(m) . . . broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."). "[T]he 'good cause' provision of Rule 4([m]) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (quotation omitted). Even for *pro se* litigants, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service . . . [and] ignorance of the rules also usually do[es] not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citations omitted).

To decide whether to grant a permissive extension, courts consider whether the plaintiff is acting *pro se*, the potential prejudice to the defendants, and whether the statute of limitations has

run on the plaintiff's claims. *Sullivan v. Univ. of Kans. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021); *Espinoza*, 52 F.3d at 841–42. In addition, the courts must consider the difficulty of the requirements for service on the United States for *pro se* plaintiffs. *Espinoza*, 52 F.3d at 842 (noting that Rule 4(i)(4), which requires an extension of time for service on United States employees under certain circumstances, "clearly evinces a solicitous attitude toward [*pro se*] plaintiffs faced with 'the complex requirements of multiple service'" on the United States and remanding for consideration of this factor even though Rule 4(i)(4) was not directly applicable).

### III.  Analysis

The foregoing rules apply to Pinson's Amended Complaint as follows. To the extent Pinson seeks monetary damages from individual defendants under *Bivens*, she must serve the individuals according to Rule 4(i)(3), which requires service on the United States according to Rule 4(i)(1) *and* the individuals according to Rule 4(e), (f), or (g). To the extent Pinson seeks injunctive relief, she must serve the Warden in his official capacity according to Rule 4(i)(2), which requires service on the United States according to Rule 4(i)(1) *and* on the Warden according to Rule 4(i)(2).

Pinson has not completed service on Defendants because (1) the summons and Amended Complaint were not sent to the correct address for the United States Attorney, (2) Plaintiff herself mailed the summons and complaint to the BOP, the United States Attorney General, and the United States Attorney, and (3) she has not attempted to serve the individual defendants.

However, the Court finds these insufficiencies in service are curable and there is a reasonable possibility that Pinson will be able to properly serve Defendants. *See Gregory*, 942 F.2d at 1500. As the Court has noted in previous orders, Pinson's ability to serve the individual defendants is hindered due to security concerns posed by providing BOP employees' personal addresses to inmates. (*See* Docs. 20 at 4; 29 at 2; *see also* Doc. 11 at 1–2.) The Court has already

held, however, once the BOP and the Warden are served, Pinson may renew her requests for an order requiring BOP to provide under seal the addresses of the defendants sued in their individual capacities. (Docs. 20 at 3; 29 at 2.)

In addition, the Court finds that, while an extension of time is not mandatory under Rule 4(m), a permissive extension of time for service is warranted. Pinson argues that there is good cause for a mandatory extension of time because BOP gave her the wrong address for the United States Attorney, and she had no other way to obtain it. (Doc. 35 at 4.) These facts do not demonstrate good cause because the "onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor—even when the plaintiffs are in prison." *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013); *Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001) (holding that the plaintiff's "contentions that he is currently incarcerated, never personally knew [the defendant], and cannot get information from prison officials because they do not know [the defendant's] whereabouts, [we]re insufficient to establish good cause"). The Court has already extended the time for Pinson to find the correct addresses for and serve the United States and notified Pinson that the Amended Complaint may be dismissed if she fails to do so. (Doc. 29.) Moreover, that BOP gave her the wrong address does not address Pinson's failure to have the summons and Amended Complaint served on the United States by a person who is not a party or Pinson's failure to serve the individual defendants. *See* Fed. R. Civ. P. 4(c)(2). Hence, Pinson has not shown good cause mandating an extension of time for service of process under Rule 4(m).

Nevertheless, the Court will allow Pinson additional time to complete service. Pinson is acting *pro se* and the rules of service on the United States and its agencies apply. *See Espinoza*, 52 F.3d at 842. Additionally, none of the Defendants have filed a motion to dismiss asserting prejudice

arising from lack of service, and the Court finds that any prejudice will be minimal. Finally, were this matter dismissed for lack of service, Pinson's claims likely would be barred by the statute of limitations. *Cf. Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (three-year statute of limitations applied to claim that arose in New Mexico). In light of Plaintiff's *pro se* status and her diligent, though faulty, efforts to effect service on the United States under Rule 4(i), the Court finds that, on balance, these factors weigh in favor of an extension of time for service of process.

## IV.   Conclusion

As to her claim for injunctive relief, Pinson has not properly served the United States or the Warden according to Rule 4(i) because she (1) mailed the summonses and Amended Complaint herself, and (2) used the wrong address for the United States Attorney. In addition, Pinson has not served the individual defendants under Rule 4(i)(3). However, these errors are curable. In addition, on balance, the *Espinoza* factors warrant an extension of the service deadline. The Court will therefore grant the Motion, quash service, and extend the deadline for Pinson to try again to serve Defendants. However, Plaintiff has not been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants.

**IT IS THEREFORE ORDERED** that Pinson's Motion is GRANTED. The summonses issued by the Clerk on August 7, 2023, are hereby QUASHED. (*See* Doc. 30.)

**IT IS FURTHER ORDERED** that, if Pinson wishes to request the appointment of the United States Marshals to serve process on Defendants and is prepared to pay the fees assessed by the Marshals Service if the motion is granted, she must file a motion for such an order no later than

**February 2, 2024.** In the Motion, Pinson must state which of the defendants named in the Amended Complaint are sued in their individual capacities.

If Plaintiff chooses not to file a motion for service of process, it shall be Plaintiff's responsibility to have Defendants served with a summons and copy of the Amended Complaint pursuant to Rule 4 no later than **May 1, 2024**. The Court advises Pinson to carefully re-read this order and Rule 4 before re-attempting service.

If Plaintiff does not file a motion for service of process by February 2, 2024, the Clerk shall mail blank summonses to Plaintiff at her address of record for her completion. The Clerk's Office shall also provide Pinson the mailing address for the civil process clerk at the office of the United States Attorney for the District of New Mexico. Plaintiff must mail completed summonses to the Clerk's Office for issuance within **30 days** of their receipt. The Clerk's Office will then return the issued summonses by mail to the Plaintiff so that she can serve Defendants pursuant to Rule 4.

If Pinson neither files a motion for service by the Marshals Service nor serves Defendants by May 1, 2024, the Court may dismiss the Amended Complaint for failure to serve Defendants.

**IT IS SO ORDERED.**

_/s/ Damian L. Martinez_
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE