IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PINSON,

    Plaintiff,

v.                                                             Civ. No. 21-0185 KWR/DLM

FEDERAL BUREAU OF PRISONS, *et al.*,

    Defendants.

**AMENDED[1]  ORDER GRANTING MOTION FOR SERVICE
BY UNITED STATES MARSHALS**

Plaintiff Jeremy Pinson[2] brings claims under the First and Eighth Amendments against the Federal Bureau of Prisons (BOP) and five individual BOP employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 21.) She also seeks an injunction regarding the way BOP transports her between facilities. (*Id*. at 5.) The Court entered an Order Granting Motion for Extension of Time to Serve Defendants on January 2, 2024, extending the deadline for service of process and fixing a deadline for Pinson to either move for service of process by the United States Marshals Service (USMS) or serve Defendants. (Doc. 36.) Now before the Court is Pinson's motion requesting an order for service of process by the USMS. (Doc. 39.)

---

[1] The Court hereby amends the Order Granting Motion for Service by United States Marshals (Doc. 40) to provide additional instructions to the Clerk of Court. The amended instructions are shown on page 8 in italics. To the extent the Clerk of Court, the United States Marshals Service, or Pinson have already complied with the Court's directions in the Order, no further action is necessary at this time.

[2] Jeremy Pinson notes that she is also known as Grace. (Doc. 21 at 2.) Pinson refers to herself using she/her pronouns (*see, e.g.*, *id*. at 12), and the Court will do the same.

I. **Procedural History**

In her Complaint filed on March 1, 2021, Pinson, a federal prisoner in the custody of BOP, asserted claims against the BOP and an unknown lieutenant (FNU LNU Lieutenant) for an alleged violation of her Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1.) Pinson indicated that her claim was against FNU LNU Lieutenant in his individual capacity, and that she seeks both monetary damages against FNU Lieutenant and an order enjoining BOP from "continuing to transport Plaintiff in the manner she was transported on 12-14 to 12-16, 2020." (*Id*. at 3, 5.) After the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the Court found that "Pinson is a frequent litigator in the federal courts and is ineligible to proceed *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g)." (Doc. 3 at 1.) The Court subsequently ordered the Clerk's Office to send notice and waiver forms to the two defendants, noting that Pinson had described FNU LNU Lieutenant as "a Caucasian male with facial hair who placed Pinson on the bus at USP Victorville on or about December 14, 2020, for transportation to La Tuna that ended on December 16, 2020." (Doc. 11 at 2; *see also* Doc. 10 at 3.)

On May 16, 2023, the Court granted Pinson leave to amend her complaint. (Doc. 20.) As in the initial Complaint, Pinson seeks injunctive relief regarding the way BOP transports her between facilities. (Doc. 21 at 5 (citing 28 U.S.C. §§ 1331, 1332, 2201–22.) Pinson also added four defendants: (1) Felipe Martinez, Jr., Warden of Federal Bureau of Prisons; (2) Gene Beasely, Regional Director, Federal Bureau of Prisons; (3) M. Gutierrez, Federal Bureau of Prisons; and (4) M. Hagge, Lieutenant, Federal Bureau of Prisons, USP Victorville. (Doc. 21 at 3, 15.) Pinson alleges that the four named defendants violated her First and Eighth Amendment rights. (*Id*. at 3, 5, 12–15.) Pinson indicated that her claims are against FNU LNU Lieutenant in his individual

2

capacity and against Martinez and Beasley in their individual and official capacities. (*Id.* at 2, 3.) She did not indicate whether Gutierrez and Hagge are sued in their individual or official capacities. (*Id*. at 15.)

In its order granting leave to amend, the Court directed the Clerk's Office to issue notice and waiver of service forms to all the defendants named in the Amended Complaint and ordered the BOP to file a notice under seal of FNU LNU Lieutenant's name and last known address if it could discern such information. (Doc. 20.) The Court explained that if BOP submitted FNU LNU Lieutenant's name and address under seal, it would direct service on Pinson's behalf, given the security issues raised by disclosing FNU LNU Lieutenant's address to Pinson. (*Id*. at 3.) BOP did not provide FNU LNU Lieutenant's name and address under seal, and none of the defendants filed a waiver of service. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("The government cannot waive service of process."). The notice and waiver of service form sent to Defendant Hagge were returned as undeliverable. (Doc. 23.)

Pinson then filed a motion asking the Court to require "BOP to provide to this Court defendant Hagge's last known address or current address." (Doc. 26 at 1.) On July 24, 2023, the Court denied the motion, noting that BOP had not been properly served. (Doc. 29 at 2.) The Court further noted that "Plaintiff, while a *pro se* prisoner, does not qualify for *in forma pauperis* (IFP) status in this case." (*Id*.) Because BOP had not been served, the Court denied "the motion without prejudice to Pinson requesting such relief after BOP has been properly served." (*Id*.) However, the Court extended the time for effecting service for all defendants to September 29, 2023, and ordered the Clerk to provide Pinson with eight blank summons forms. (*Id*. at 4.) It noted that "[a]ny failure by Pinson to serve Defendants by this date, absent a showing of good cause, may result in dismissal of this case without prejudice and without further notice." (*Id*.) *See also* Fed. R. Civ. P. 4(m).

Pinson completed summons forms for BOP, the United States Attorney General, the United States Attorney for the District of New Mexico (United States Attorney), and defendants Martinez, Beasley, Gutierrez, and Hagge,[3] and the Clerk issued summonses at the addresses provided by Pinson. (Doc. 30.) Pinson timely filed proof of service on BOP, the United States Attorney General, and the United States Attorney. (Docs. 31–33.) Pinson signed the proofs of service as the "Server," indicating that Pinson herself mailed the summonses to the BOP, United States Attorney General, and the United States Attorney by certified mail. (*Id.*) In addition, Pinson addressed the summons for the United States Attorney to the address of the United States District Court courthouse, rather than to the civil-process clerk at the United States Attorney's office. (Docs. 30 at 12; 33.) *See also* Fed. R. Civ. P. 4(i)(1)(A).

The Court entered an Order to Show Cause, in which the Court found that Pinson has not met the requirements for service of the defendants under Federal Rule of Civil Procedure 4(i) because she has not properly served the United States Attorney. (Doc. 34 at 2–4 (discussing Fed. R. Civ. P 4(i)(2), (3) (requiring service on the United States as well as defendant agencies and individuals in their individual and official capacities)).) In addition, the Court noted that Pinson did not file proofs of service of the individual defendants and appears to have failed to timely serve them. (*Id.* at 4–5 (citing Fed. R. Civ. P. 4(i)(2), (3) (setting forth requirements for service of agency employees in their official and individual capacities); Fed. R. Civ. P 4(*l*)(1)).) The Court ordered Pinson to show cause why this matter should not be dismissed for failure to timely serve the defendants. (*See id.*)

---

[3] The address for Defendant Hagge on the summons was the same as that used for the notice and waiver of service form, which were returned as undeliverable. (Doc. 23.)

4

In her response, Pinson conceded that she used the incorrect address for the United States Attorney's office but asserted that (1) BOP employees provided her with that address and (2) the Electronic Law Library in her secure housing unit did not supply the correct address. (Doc. 35 at 2, 6.) She requested more time in which to serve Defendants. (*Id*. at 4.) The Court granted Pinson's motion and ordered that if Pinson wished to request the appointment of the USMS to serve process on Defendants and is prepared to pay the fees assessed by the USMS if the motion is granted, she must file a motion for such service by February 2, 2024, and state in the motion which of the defendants named in the Amended Complaint are sued in their individual capacities. (Doc. 36.) The Court further ordered that, if Pinson chose not to file a motion for service of process, it was Pinson's responsibility to have Defendants served with a summons and copy of the Amended Complaint pursuant to Rule 4 no later than May 1, 2024. (*Id*.) Pinson timely filed the Motion seeking an order for service of process by the USMS and stating that Beasley, Martinez, Gutierrez, Hagge, and FNU Lieutenant are named in their individual capacities. (Doc. 39.)

**II.    Legal Standards**

Rule 4 provides specific directions for both how and when to effect service of process. A plaintiff suing a United States agency employee in either their individual or official capacity must serve both the employee and the United States. *See* Fed. R. Civ. P. 4(i)(2), (3). To serve the United States by mail, a plaintiff must, through a nonparty, "send a copy of [the summons and the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office[ and] . . . send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1); *see also Davis v. U.S. Gov't*, 756 F. App'x 786, 789 (10th Cir. 2018) (discussing requirements for service of the United States).

5

In addition, to serve agency officers or employees in their official capacities, a plaintiff must "also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). To serve agency officers or employees in their individual capacities, a plaintiff must "also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

Only a non-party can complete service of process. Fed. R. Civ. P. 4(c)(2). "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien*, 628 F.3d at 1213; *Shepard v. United States Dep't of Veterans Affs.*, 819 F. App'x 622, 623 (10th Cir. 2020) (stating that under Rule 4(c)(2), the plaintiff "could not mail the [summons and complaint] herself because she is a party"); *Shophar v. United States*, No. 19-04052-HLT-KGG, 2019 WL 3573575, at *1 (D. Kan. Aug. 6, 2019) (same); *Greene v. United States*, No. 6:19-CV-00024-GFVT, 2021 WL 1214499, at *18 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022) (same).

To meet this requirement, a plaintiff may move the Court for an order that service be completed by the USMS. Fed. R. Civ. P. 4(c)(3); *see Holmes v. United States*, No. CIV-06-796R, 2008 WL 111320, at *3 (W.D. Okla. Jan. 8, 2008). The USMS charges a fee for service of documents. *See* 28 C.F.R. § 0.114 (setting forth the fee schedule). Whether to grant such a motion by a plaintiff not proceeding under 28 U.S.C. § 1915, like Pinson, is within the Court's discretion. Fed. R. Civ. P. 4(c)(2) ("At the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal . . . ."). Such motions are appropriate in cases brought by inmates against individual prison employees, which may implicate the employees' security interests: "Prison guards do not want prisoners to have their home addresses, and the Bureau of

6

Prisons is reluctant to tell prisoners even the current place of employment of their former guards. This is a sensible precaution . . . ." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). "Having the Marshal serve the papers enables the case to proceed while holding in confidence information in which the guards have a strong interest." *Id.*

### III.    Analysis

The Court will order service by the USMS. This case has been pending since March 1, 2021. (Doc. 1.) Pinson attempted to serve the United States and BOP under Rule 4(i) and, in response to the Court's order, Pinson provided a description of Defendant FNU LNU Lieutenant and provided what she believes to be the current addresses for the other individual defendants, at least one of which appears to no longer be correct. (Docs. 11 at 2; 30–33; *see also* Doc. 10 at 3.) None of the individual defendants responded to the notice and waiver of service sent by the Court to the addresses Pinson provided. As the Court has noted in previous orders, Pinson's ability to obtain current addresses of the individual defendants is hindered due to security concerns posed by providing BOP employees' and former employees' addresses to inmates. (*See* Docs. 20 at 4; 29 at 2; *see also* Doc. 11 at 1–2.) Thus, the Court held that it would order BOP, once it is served, to provide the addresses of the defendants sued in their individual capacities if the addresses identified by Pinson are not adequate for service. (Docs. 20 at 3; 29 at 2.) The Court is aware that an order to serve defendants imposes a cost and burden on the USMS. However, the circumstances here warrant such an order and, by filing the Motion and requesting payment instructions, Pinson indicated that she will pay the USMS fee. (Docs. 36; 39.) Hence, to facilitate disposition of this action, the Court will grant Pinson's Motion and order service by the USMS.

### IV.    Conclusion

Having found Pinson's Motion well-taken, the Court GRANTS the Motion.

**IT IS THEREFORE ORDERED**:

The Clerk of Court shall prepare a summons for the Warden of the BOP and send the summons and six blank copies of Form USM-285 to Pinson. *The Clerk of Court shall prepare summonses for and serve the United States Attorney for the District of New Mexico and Attorney General of the United States at Washington, D.C., in accordance with Rule 4(i). The Clerk of Court shall also file proofs of service on the United States in accordance with Rule 4(l).*

Following the USMS's instructions on the USM-285 form, Pinson SHALL complete USM-285 forms for each Defendant and submit them to the USMS within **thirty (30) days of receipt**.[4] On the USM-285 for each individual defendant, Pinson shall leave the address section blank. The USMS shall complete the address section of USM-285 for each individual defendant on receipt of the addresses from the Warden.

The USMS SHALL serve *the Warden under Rule 4(i)* and file proof of service in accordance with Rule 4(*l*).

Within **ten (10) days** *after proofs of service on the* Warden and *United States are filed*, the Warden SHALL PROVIDE the Clerk of Court with the individual defendants' last-known addresses. Such information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Clerk of Court and USMS.

The Clerk of Court SHALL issue summonses for the individual defendants and send them to the USMS.

---

[4] Pinson has already submitted completed USM-285 forms for each Defendant. No further action by Pinson is necessary at this time to comply with this Order.

The USMS SHALL serve the individual defendants under Rule 4(i) and file proofs of service. Summonses, summonses returns, and any subsequent pleadings that include the last known addresses for the Defendants shall be filed sealed from Plaintiff and the public, and publicly accessible versions of such pleadings shall be filed with the addresses redacted.

Pinson SHALL pay the costs of service by the USMS, which will be assessed after the USMS files the returns of the service for all Defendants. However, if the USMS serves the individual defendants at the same address to which the notices and waiver of service forms were mailed, the costs of service will be taxed against those defendants in accordance with Rule 4(d)(2) unless the defendant shows good cause for failure to waive service. (*See* Doc. 20.)

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE